# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TIMOTHY LONG, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV623-038 |
| WARDEN BEASLEY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* prisoners Timothy and Long Lawrence D. Franklin jointly brought an action challenging the conditions of confinement at Smith State Prison. *See generally* doc. 1. The Court severed the two plaintiffs' claims and directed the Clerk to open this action with Long as the sole plaintiff. *See* doc. 3 at 2. The Court later directed Long to file an Amended Complaint using the Court's form. *See* doc. 8 at 6; *see also* doc. 9 (Amended Complaint).

The Court authorized Long to proceed *in forma pauperis*. *See* doc. 8. He has returned the required forms. *See* docs. 12 & 22. The Court might, therefore, proceed to screen his Amended Complaint. *See* 28 U.S.C. § 1915A(a). However, the character of his pleading, in addition to

subsequent filings, make that screening impossible, as explained below. Long has also filed what the Court construes as a motion for a preliminary injunction, doc. 17, and a motion for court-appointed counsel, doc. 23. Long's motions are addressed below.

## I.    MOTION FOR PRELIMINARY INJUNCTION

Long has filed an "Emergency Petition!!!" to address what he deems a deliberate deprivation of food and drink. Doc. 17 at 1. This "deprivation" includes: (1) only being allowed to go to the commissary store once a month instead of once a week; (2) the commissary store not carrying bottled water or sodas; (3) not being given cake, fruit, or biscuits during regular meals; (4) not being given juice, milk, tea, or Kool Aid during lunch or dinner; and (5) having food placed in the "wrong" slots on his tray. *See id.* at 1-5. He claims that being deprived access to the commissary constitutes robbery and assault requests that the "weekly priviliages [sic] and rights of weekly store call" be restored. *See id.* at 2.

The Court construes Long's "emergency petition" as a motion for a preliminary injunction. "In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four

prerequisites"; namely (1) a substantial likelihood of success of the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not otherwise be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted). "[G]ranting or denying a . . . preliminary injunction rests within the discretion of the district court." *Henandez v. Inch*, 2021 WL 5361086, at *1 (N.D. Ga. Oct. 8, 2021) (citing *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997)).

Long has not addressed, much less met, his burden of persuasion as to any of the prerequisites. *See generally* doc. 17. Moreover, "federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons." *Harris v. Deal*, 2016 WL 7856418, at *2 (S.D. Ga. Dec. 13, 2016). Finally, "it is well-settled that prisoners have no constitutional right of access to or use of a jail or prison commissary." *Hayes v. TSG Commissary*, 2022 WL 1104117, at *1 (M.D. Fla Apr. 13,

2022). There is, therefore, no plausible basis for injunctive relief. Accordingly, Long's emergency petition should be **DENIED**. Doc. 17.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

## II.   MOTION FOR APPOINTMENT OF COUNSEL

The Court previously denied a request, filed jointly with the former co-plaintiff, for appointed counsel. *See* doc. 3 at 4-6. Long moves for appointed counsel again. *See* doc. 23. He asserts that the appointment of counsel is necessary because "[t]he issues in this case are complex and will require significant research," he has no knowledge of the law, his imprisonment will greatly limit his ability to litigate the case, and having an attorney would better enable him to "present evidence and cross examine witnesses" at a trial. *Id.* at 1-2.

As the Court has already explained, Long has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v.*

*Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel. This case is not so complex, legally or factually, as to prevent Long from presenting "the essential merits of his position" to the Court. His request for appointment of counsel is **DENIED**. Doc. 23.

## III.  SUFFICIENCY OF PLEADINGS

Having addressed Long's pending motions, the Court might proceed to screen his complaint pursuant to 28 U.S.C. § 1915A. The nature of Long's filings in this case make screening his complaint impossible, however. After filing an Amended Complaint at the Court's direction,

doc. 9, Long filed a Second Amended Complaint, doc. 13.  Long's Second Amended Complaint names multiple defendants, including "Kitchen Staff . . . as a whole." *See* doc. 13 at 1.  It includes multiple claims without clearly identifying the particular defendants against whom those claims are asserted.  *See, e.g., id.* at 4-16.  Some claims appear to be asserted as notations on other documents, which are also labeled as exhibits.  *See, e.g., id.* at 25, 28.  He has also filed numerous documents that appear intended to supplement his allegations.  *See e.g.*, doc. 10 ("Copy of Grievance" accusing Defendants Taylor and Brown of mail tampering, apparently intended to supplement the First Amended Complaint); doc. 11 (returned Notice of Filing Deficiency, adding factual allegations to the First Amended Complaint and submitting "exhibits" from Franklin's case, CV623-037); doc. 14 (submission of annotated "exhibits" and a "Timeline of Events," apparently adding factual allegations); doc. 15 (submission of additional annotated exhibits and a statement, apparently adding factual allegations); doc. 16 ("Affidavit for Arrest," apparently adding additional claims and factual allegations); doc. 17 ("Emergency" Motion to "Addres[s] . . . Delibe [*sic*] Food and Drink Deprivation," apparently adding additional claims and factual allegations); doc. 18

7

("Legal Arguments in Support of Affidavit/Slew of Victions [*sic*] to Show the GDOC[']s Widespread, Reckless, Careless, Delib[e]rate and Assaultive/imposing Behavior"); doc. 21 (submission of annotated exhibits and "Timeline of Events," apparently adding factual allegations); doc. 23 ("Motion for Appointment of Counsel" apparently factual adding allegations); doc. 24 ("Declaration of Lawrence Franklin"). In addition to their ambiguous form, the length of these submissions is significant, comprising more than 100 pages of material.

The totality of Long's pleadings can only be characterized as what is "often disparagingly referred to as [a] 'shotgun pleading.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *Id.* at 1321, 1321 n.9 (collecting cases). The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond. *Cf.* Fed. R. Civ. P. 8-11 (rules for civil pleadings in federal court). They typically present in four varieties: (1) a complaint containing multiple counts where each count adopts the allegations of all

preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim of relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim. *See Adams v. Huntsville Hosp.*, 819 F. App'x 836, 838 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321-23). To the extent Long's claims are discernable at all, they fall into the second, third, and fourth categories.

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). Before doing so, plaintiffs are entitled to a *single* opportunity to amend their pleadings in order to better present their claims. *See id.* at 1296. Therefore, Long is **DIRECTED** to file a Third Amended Complaint by August 27, 2024. The Third Amended Complaint must comply with the requirements of Federal Rules of Civil Procedure

9

8-11, which, *inter alia*, require short and plain statements.[1] The pleading must specifically identify each claim asserted, the facts supporting each specific claim, and the defendants against whom those particular claims are asserted. The Third Amended Complaint will supersede all current pleadings and should reassert all claims against all named defendants. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An Amended Complaint supersedes an original complaint."). The Clerk is **DIRECTED** to send Long a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). To the extent that Long submits additional pages, each page must include a page number and identify which section of the form complaint it supplements. While he is free to attach documents to his pleading, he should not include any additional allegations as notations on those attachments. Long is advised that failure to timely submit his Third Amended Complaint may result in dismissal for failure to obey a court order or failure to prosecute. *See, e.g.*, Fed. R. Civ. P. 41(b).

---

[1] A copy of the Federal Rules of Civil Procedure is available on the federal judiciary website at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

## IV.   CONCLUSION

The Court **RECOMMENDS** that Long's emergency petition based on deprivation of food and drink be **DENIED**.  Doc. 17.  Long's Motion for Appointment of Counsel is **DENIED**.  Doc. 23.  Long is **DIRECTED** to file a Third Amended Complaint using short and plain statements and specifically identifying each claim asserted, the facts supporting each specific claim, and the defendants against whom those particular claims are asserted, by August 27, 2024.

Finally, the Court must assess Long's filing fee.  *See* 28 U.S.C. § 1915(b).  Long's prisoner trust fund account statement reflects no average monthly deposits of balance.  *See* doc. 22 at 1.  Based upon his furnished information, he does not owe an initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's filing fee has been paid in full.  In the event Long is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information

11

concerning payment of the filing fee and costs in this case to Long's new custodian. The balance due from Long shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 13th day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA